UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BRIAN LAROCHE,<br><br>                Plaintiff,<br><br>     vs.<br><br>LOWER BRULE SIOUX TRIBE<br>CORPORATION,<br><br>                Defendant. | 3:26-CV-03008-KES<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR LEAVE TO PROCEED<br>IN FORMA PAUPERIS AND 1915<br>SCREENING |

Pro se plaintiff, Dustin LaRoche, brings this action against defendant, Lower Brule Sioux Tribe, challenging the administration of his General Assistance (GA) benefits beginning in September 2025. Docket 1. LaRoche alleges that while his initial GA payment was correct, subsequent payments in October and November 2025 were reduced and untimely. *Id.* at 2. He further alleges that the Tribe failed to provide adequate notice or an opportunity to contest the reductions, resulting in financial hardship. *Id.* LaRoche seeks declaratory, injunctive, and monetary relief. *Id.* at 3. He also moves for leave to proceed in forma pauperis, Docket 3, and appointment of counsel, Docket 4.

I.      **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in

forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After reviewing LaRoche's financial affidavit, the court finds he has insufficient funds to pay the filing fee. Thus, LaRoche's motion for leave to proceed in forma pauperis (Docket 3) is granted.

## II.    1915 Screening

### A.    Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin*

*v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is

3

very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (alteration in original) (citation and internal marks omitted).

### B.    Factual Background and Legal Analysis

LaRoche began receiving GA benefits administered by the Lower Brule Sioux Tribe in September 2025, and his initial payment was properly issued. Docket 1 at 1-2. But in October 2025, LaRoche received a payment of $302.00, which was $186.00 less than the applicable head-of-household rate of $488.00. *Id.* at 2. The October payment was issued on October 3, 2025, but was not received until October 5, 2025, which was after the date LaRoche asserts payments were required to be issued. *Id.*

LaRoche was scheduled to receive a $488.00 payment on November 3, 2025, but instead received $302.00 on November 7, 2025. *Id.* This payment was again $186.00 short and issued four days late. *Id.* These repeated shortfalls and delays resulted in financial hardship, including difficulty meeting basic living expenses, food insecurity, and emotional distress. *Id.* The Lower Brule Sioux Tribe did not provide adequate notice, justification, or an opportunity to appeal the reduced payments, which LaRoche asserts is inconsistent with 25 C.F.R. §§ 20.603 and 20.604. *Id.* LaRoche seeks declaratory, injunctive, and monetary relief, including alleged arrears of $372.00. *Id.* at 3.

Indian tribes are considered "domestic dependent nations" that retain "inherent sovereign authority over their members and territories." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (cleaned up and citation omitted). As sovereign entities, tribes possess "the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). As such, tribal sovereign immunity bars suits against Indian tribes "absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n*, 498 U.S. 505 at 509. Tribal sovereign immunity may also extend to tribal entities, agencies, and corporations that function as arms of the tribe. *Stathis v. Marty Indian Sch. Bd. Inc.*, 560 F. Supp. 3d 1283, 1291 (D.S.D. 2021).

Here, LaRoche's claims are barred by tribal sovereign immunity. LaRoche's claims arise from the Tribe's administration of GA benefits, including the amount and timing of payments issued under that program. Docket 1. Even accepting his allegations as true, LaRoche has not alleged that the Tribe waived its sovereign immunity or that Congress unequivocally abrogated that immunity for the claims asserted here. To the extent LaRoche sues the Tribe's General Assistance Program, sovereign immunity likewise extends to tribal entities and agencies functioning as arms of the tribe. *Stathis*, 560 F. Supp. 3d at 1291.

Thus, because LaRoche seeks relief against the Lower Brule Sioux Tribe, which is protected by sovereign immunity, and does not identify any applicable waiver or congressional abrogation, the complaint fails to state a claim upon

which relief may be granted and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.   Conclusion

Thus, it is ORDERED:

1. That LaRoche's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. That LaRoche's claims against the Lower Brule Sioux Tribe are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii).

3. That LaRoche's motion to appoint counsel (Docket 4) is denied as moot.

Dated May 14, 2026.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE